# Convention on the Transfer of Sentenced Persons

Strasbourg, 21 March 1983

TEXT OF THE CONVENTION ON THE TRANSFER OF SENTENCED PERSONS

The member States of the Council of Europe and the other States, signatory hereto,

Considering that the aim of the Council of Europe is to achieve a greater unity between its members;

Desirous of further developing international co-operation in the field of criminal law;

Considering that such co-operation should further the ends of justice and the social rehabilitation of sentenced persons;

Considering that these objectives require that foreigners who are deprived of their liberty as a result of their commission of a criminal offence should be given the opportunity to serve their sentences within their own society; and

Considering that this aim can best be achieved by having them transferred to their own countries,

Have agreed as follows:

## Article 1 – Definitions

For the purposes of this Convention:

a.  "sentence" means any punishment or measure involving deprivation of liberty ordered by a court for a limited or unlimited period of time on account of a criminal offence;

b.  "judgment" means a decision or order of a court imposing a sentence;

c.  "sentencing State" means the State in which the sentence was imposed on the person who may be, or has been, transferred;

d.  "administering State" means the State to which the sentenced person may be, or has been, transferred in order to serve his sentence.

## Article 2 – General principles

1.  The Parties undertake to afford each other the widest measure of co-operation in respect of the transfer of sentenced persons in accordance with the provisions of this Convention.

2.    A person sentenced in the territory of a Party may be transferred to the territory of another Party, in accordance with the provisions of this Convention, in order to serve the sentence imposed on him. To that end, he may express his interest to the sentencing State or to the administering State in being transferred under this Convention.

3.    Transfer may be requested by either the sentencing State or the administering State.

Article 3 – Conditions for transfer

1.    A sentenced person may be transferred under this Convention only on the following conditions:

    a.    if that person is a national of the administering State;

    b.    if the judgment is final;

    c.    if, at the time of receipt of the request for transfer, the sentenced person still has at least six months of the sentence to serve or if the sentence is indeterminate;

    d.    if the transfer is consented to by the sentenced person or, where in view of his age or his physical or mental condition one of the two States considers it necessary, by the sentenced person's legal representative;

    e.    if the acts or omissions on account of which the sentence has been imposed constitute a criminal offence according to the law of the administering State or would constitute a criminal offence if committed on its territory; and

    f.    if the sentencing and administering States agree to the transfer.

2.    In exceptional cases, Parties may agree to a transfer even if the time to be served by the sentenced person is less than that specified in paragraph 1.c.

3.    Any State may, at the time of signature or when depositing its instrument of ratification, acceptance, approval or accession, by a declaration addressed to the Secretary General of the Council of Europe, indicate that it intends to exclude the application of one of the procedures provided in Article 9.1.a and b in its relations with other Parties.

4.    Any State may, at any time, by a declaration addressed to the Secretary General of the Council of Europe, define, as far as it is concerned, the term "national" for the purposes of this Convention.

Article 4 – Obligation to furnish information

1.    Any sentenced person to whom this Convention may apply shall be informed by the sentencing State of the substance of this Convention.

2.  If the sentenced person has expressed an interest to the sentencing State in being transferred under this Convention, that State shall so inform the administering State as soon as practicable after the judgment becomes final.

3.  The information shall include:

    a.  the name, date and place of birth of the sentenced person;

    b.  his address, if any, in the administering State;

    c.  a statement of the facts upon which the sentence was based;

    d.  the nature, duration and date of commencement of the sentence.

4.  If the sentenced person has expressed his interest to the administering State, the sentencing State shall, on request, communicate to the State the information referred to in paragraph 3 above.

5.  The sentenced person shall be informed, in writing, of any action taken by the sentencing State or by the administering State under the preceding paragraphs, as well as of any decision taken by either State on a request for transfer.

Article 5 – Requests and replies

1.  Requests for transfer and replies shall be made in writing.

2.  Requests shall be addressed by the Ministry of Justice of the requesting State to the Ministry of Justice of the requested State. Replies shall be communicated through the same channels.

3.  Any Party may, by a declaration addressed to the Secretary General of the Council of Europe, indicate that it will use other channels of communication.

4.  The requested State shall promptly inform the requesting State of its decision whether or not to agree to the requested transfer.

Article 6 – Supporting documents

1.  The administering State, if requested by the sentencing State, shall furnish it with:

    a.  a document or statement indicating that the sentenced person is a national of that State;

    b.  a copy of the relevant law of the administering State which provides that the acts or omissions on account of which the sentence has been imposed in the sentencing

State constitute a criminal offence according to the law of the administering State, or would constitute a criminal offence if committed on its territory;

    c.    a statement containing the information mentioned in Article 9.2.

2.    If a transfer is requested, the sentencing State shall provide the following documents to the administering State, unless either State has already indicated that it will not agree to the transfer:

    a.    a certified copy of the judgment and the law on which it is based;

    b.    a statement indicating how much of the sentence has already been served, including information on any pre-trial detention, remission, and any other factor relevant to the enforcement of the sentence;

    c.    a declaration containing the consent to the transfer as referred to in Article 3.1.d; and

    d.    whenever appropriate, any medical or social reports on the sentenced person, information about his treatment in the sentencing State, and any recommendation for his further treatment in the administering State.

3.    Either State may ask to be provided with any of the documents or statements referred to in paragraphs 1 or 2 above before making a request for transfer or taking a decision on whether or not to agree to the transfer.

Article 7 – Consent and its verification

1.    The sentencing State shall ensure that the person required to give consent to the transfer in accordance with Article 3.1.d does so voluntarily and with full knowledge of the legal consequences thereof.  The procedure for giving such consent shall be governed by the law of the sentencing State.

2.    The sentencing State shall afford an opportunity to the administering State to verify through a consul or other official agreed upon with the administering State, that the consent is given in accordance with the conditions set out in paragraph 1 above.

Article 8 – Effect of transfer for sentencing State

1.    The taking into charge of the sentenced person by the authorities of the administering State shall have the effect of suspending the enforcement of the sentence in the sentencing State.

2.    The sentencing State may no longer enforce the sentence if the administering State considers enforcement of the sentence to have been completed.

Article 9 – Effect of transfer for administering State

1.   The competent authorities of the administering State shall:

    a.   continue the enforcement of the sentence immediately or through a court or administrative order, under the conditions set out in Article 10, or

    b.   convert the sentence, through a judicial or administrative procedure, into a decision of that State, thereby substituting for the sanction imposed in the sentencing State a sanction prescribed by the law of the administering State for the same offence, under the conditions set out in Article 11.

2.   The administering State, if requested, shall inform the sentencing State before the transfer of the sentenced person as to which of these procedures it will follow.

3.   The enforcement of the sentence shall be governed by the law of the administering State and that State alone shall be competent to take all appropriate decisions.

4.   Any State which, according to its national law, cannot avail itself of one of the procedures referred to in paragraph 1 to enforce measures imposed in the territory of another Party on persons who for reasons of mental condition have been held not criminally responsible for the commission of the offence, and which is prepared to receive such persons for further treatment may, by way of a declaration addressed to the Secretary General of the Council of Europe, indicate the procedures it will follow in such cases.

Article 10 – Continued enforcement

1.   In the case of continued enforcement, the administering State shall be bound by the legal nature and duration of the sentence as determined by the sentencing State.

2.   If, however, this sentence is by its nature or duration incompatible with the law of the administering State, or its law so requires, that State may, by a court or administrative order, adapt the sanction to the punishment or measure prescribed by its own law for a similar offence. As to its nature, the punishment or measure shall, as far as possible, correspond with that imposed by the sentence to be enforced. It shall not aggravate, by its nature or duration, the sanction imposed in the sentencing State, nor exceed the maximum prescribed by the law of the administering State.

Article 11 – Conversion of sentence

1.   In the case of conversion of sentence, the procedures provided for by the law of the administering State apply. When converting the sentence, the competent authority:

    a.   shall be bound by the findings as to the facts insofar as they appear explicitly or implicitly from the judgment imposed in the sentencing State;

b.    may not convert a sanction involving deprivation of liberty to a pecuniary sanction;

c.    shall deduct the full period of deprivation of liberty served by the sentenced person; and

d.    shall not aggravate the penal position of the sentenced person, and shall not be bound by any minimum which the law of the administering State may provide for the offence or offences committed.

2.    If the conversion procedure takes place after the transfer of the sentenced person, the administering State shall keep that person in custody or otherwise ensure his presence in the administering State pending the outcome of that procedure.

## Article 12 – Pardon, amnesty, commutation

Each Party may grant pardon, amnesty or commutation of the sentence in accordance with its Constitution or other laws.

## Article 13 – Review of judgment

The sentencing State alone shall have the right to decide on any application for review of the judgment.

## Article 14 – Termination of enforcement

The administering State shall terminate enforcement of the sentence as soon as it is informed by the sentencing State of any decision or measure as a result of which the sentence ceases to be enforceable.

## Article 15 – Information on enforcement

The administering State shall provide information to the sentencing State concerning the enforcement of the sentence:

a.    when it considers enforcement of the sentence to have been completed;

b.    if the sentenced person has escaped from custody before enforcement of the sentence has been completed; or

c.    if the sentencing State requests a special report.

## Article 16 – Transit

1.    A Party shall, in accordance with its law, grant a request for transit of a sentenced person

through its territory if such a request is made by another Party and that State has agreed with another Party or with a third State to the transfer of that person to or from its territory.

2.    A Party may refuse to grant transit:

  a.    if the sentenced person is one of its nationals, or

  b.    if the offence for which the sentence was imposed is not an offence under its own law.

3.    Requests for transit and replies shall be communicated through the channels referred to in the provisions of Article 5.2 and 3.

4.    A Party may grant a request for transit of a sentenced person through its territory made by a third State if that State has agreed with another Party to the transfer to or from its territory.

5.    The Party requested to grant transit may hold the sentenced person in custody only for such time as transit through its territory requires.

6.    The Party requested to grant transit may be asked to give an assurance that the sentenced person will not be prosecuted, or, except as provided in the preceding paragraph, detained, or otherwise subjected to any restriction on his liberty in the territory of the transit State for any offence committed or sentence imposed prior to his departure from the territory of the sentencing State.

7.    No request for transit shall be required if transport is by air over the territory of a Party and no landing there is scheduled. However, each State may, by a declaration addressed to the Secretary General of the Council of Europe at the time of signature or of deposit of its instrument of ratification, acceptance, approval or accession, require that it be notified of any such transit over its territory.

## Article 17 – Language and costs

1.    Information under Article 4, paragraphs 2 to 4, shall be furnished in the language of the Party to which it is addressed or in one of the official languages of the Council of Europe.

2.    Subject to paragraph 3 below, no translation of requests for transfer or of supporting documents shall be required.

3.    Any State may, at the time of signature or when depositing its instrument of ratification, acceptance, approval or accession, by a declaration addressed to the Secretary General of the Council of Europe, require that requests for transfer and supporting documents be accompanied by a translation into its own language or into one of the official languages

of the Council of Europe or into such one of these languages as it shall indicate. It may on that occasion declare its readiness to accept translations in any other language in addition to the official language or languages of the Council of Europe.

4.      Except as provided in Article 6.2.a, documents transmitted in application of this Convention need not be certified.

5.      Any costs incurred in the application of this Convention shall be borne by the administering State, except costs incurred exclusively in the territory of the sentencing State.

### Article 18 – Signature and entry into force

1.      This Convention shall be open for signature by the member States of the Council of Europe and non-member States which have participated in its elaboration. It is subject to ratification, acceptance or approval. Instruments of ratification, acceptance or approval shall be deposited with the Secretary General of the Council of Europe.

2.      This Convention shall enter into force on the first day of the month following the expiration of a period of three months after the date on which three member States of the Council of Europe have expressed their consent to be bound by the Convention in accordance with the provisions of paragraph 1.

3.      In respect of any signatory State which subsequently expresses its consent to be bound by it, the Convention shall enter into force on the first day of the month following the expiration of a period of three months after the date of the deposit of the instrument of ratification, acceptance or approval.

### Article 19 – Accession by non-member States

1.      After the entry into force of this Convention, the Committee of Ministers of the Council of Europe, after consulting the Contracting States, may invite any State not a member of the Council and not mentioned in Article 18.1 to accede to this Convention, by a decision taken by the majority provided for in Article 20.d of the Statute of the Council of Europe and by the unanimous vote of the representatives of the Contracting States entitled to sit on the Committee.

2.      In respect of any acceding State, the Convention shall enter into force on the first day of the month following the expiration of a period of three months after the date of deposit of the instrument of accession with the Secretary General of the Council of Europe.

### Article 20 – Territorial application

1.      Any State may at the time of signature or when depositing its instrument of ratification, acceptance, approval or accession, specify the territory or territories to which this

Convention shall apply.

2.      Any State may at any later date, by a declaration addressed to the Secretary General of the Council of Europe, extend the application of this Convention to any other territory specified in the declaration. In respect of such territory the Convention shall enter into force on the first day of the month following the expiration of a period of three months after the date of receipt of such declaration by the Secretary General.

3.      Any declaration made under the two preceding paragraphs may, in respect of any territory specified in such declaration, be withdrawn by a notification addressed to the Secretary General. The withdrawal shall become effective on the first day of the month following the expiration of a period of three months after the date of receipt of such notification by the Secretary General.

### Article 21 – Temporal application

This Convention shall be applicable to the enforcement of sentences imposed either before or after its entry into force.

### Article 22 – Relationship to other Conventions and Agreements

1.      This Convention does not affect the rights and undertakings derived from extradition treaties and other treaties on international co-operation in criminal matters providing for the transfer of detained persons for purposes of confrontation or testimony.

2.      If two or more Parties have already concluded an agreement or treaty on the transfer of sentenced persons or otherwise have established their relations in this matter, or should they in future do so, they shall be entitled to apply that agreement or treaty or to regulate those relations accordingly, in lieu of the present Convention.

3.      The present Convention does not affect the right of States party to the European Convention on the International Validity of Criminal Judgments to conclude bilateral or multilateral agreements with one another on matters dealt with in that Convention in order to supplement its provisions or facilitate the application of the principles embodied in it.

4.      If a request for transfer falls within the scope of both the present Convention and the European Convention on the International Validity of Criminal Judgments or another agreement or treaty on the transfer of sentenced persons, the requesting State shall, when making the request, indicate on the basis of which instrument it is made.

### Article 23 – Friendly settlement

The European Committee on Crime Problems of the Council of Europe shall be kept informed regarding the application of this Convention and shall do whatever is necessary to

facilitate a friendly settlement of any difficulty which may arise out of its application.

## Article 24 – Denunciation

1.    Any Party may at any time denounce this Convention by means of a notification addressed to the Secretary General of the Council of Europe.

2.    Such denunciation shall become effective on the first day of the month following the expiration of a period of three months after the date of receipt of the notification by the Secretary General.

3.    The present Convention shall, however, continue to apply to the enforcement of sentences of persons who have been transferred in conformity with the provisions of the Convention before the date on which such a denunciation takes effect.

## Article 25 – Notifications

The Secretary General of the Council of Europe shall notify the member States of the Council of Europe, the non-member States which have participated in the elaboration of this Convention and any State which has acceded to this Convention of:

   a.    any signature;

   b.    the deposit of any instrument of ratification, acceptance, approval or accession;

   c.    any date of entry into force of this Convention in accordance with Articles 18.2 and 3, 19.2 and 20.2 and 3;

   d.    any other act, declaration, notification or communication relating to this Convention.

In witness whereof the undersigned, being duly authorised thereto, have signed this Convention.

Done at Strasbourg, this 21st day of March 1983, in English and French, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Council of Europe. The Secretary General of the Council of Europe shall transmit certified copies to each member State of the Council of Europe, to the non-member States which have participated in the elaboration of this Convention, and to any State invited to accede to it.